IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PERRY S. ANDERSON,

                                                        Case No.:

    Plaintiff,

v.

SCHOOL BOARD OF
HILLSBOROUGH COUNTY,

    Defendant.

_____/

## COMPLAINT FOR DEMAND FOR TRIAL BY JURY

**COMES NOW**, Plaintiff, Perry S. Anderson (hereafter "Plaintiff" or "Mr. Anderson"), by and through the undersigned counsel, and files this Complaint for damages including demand for trial by jury, against Defendant, School Board of Hillsborough County (hereafter "Defendant" or "School Board"), and respectfully shows this Court as follows:

### NATURE OF COMPLAINT

1.      Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.      This action seeks declaratory relief, liquidated and actual damages for Defendant's unlawful employment practices on the basis of disability in violation of the Americans with Disabilities Act pursuant to 29 U.S.C. §§ 791, *et seq.*; 42 U.S.C. §§ 12101, *et seq.*

## JURISDICTION VENUE AND THE PARTIES

3.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiff also seeks declaratory relief as authorized by 28 U.S.C. §§ 2201 and 2202.

4.     Plaintiff, Perry S. Anderson, is a disabled individual residing in Hillsborough County, Florida.

5.     Defendant is a municipal corporation located in Hillsborough County, Florida.

6.     Defendant is an "employer" engaged in an industry affecting commerce as defined by 42 U.S.C. § 2000e(b).

7.     Defendant operates their business within the Middle District of Florida. The unlawful employment practices alleged in this Complaint were committed within this District in the State of Florida.

8.     Therefore, in accordance with 28 U.S.C. § 1391 and 42 U.S.C. § 2000(e) – 5(f), venue is appropriate in this Court.

9.     Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity.

10.    The decision of the EEOC entitles an action to be commenced within ninety (90) days of receipt of that notice.

11.    This action has been commenced within ninety (90) days of Plaintiff's receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

12.    The Plaintiff began working for the School Board on July 1, 2017 as a Second Grade Teacher at James Elementary School.

13.    On May 23, 2018, Plaintiff was given a Contract for Instructional Staff, effective July 1, 2018, for the same Second Grade assignment at James Elementary for the 2018-2019 school year.

14.    On July 11, 2018, Plaintiff requested FMLA leave and submitted a medical certification for the time period of August 2, 2018 through November 1, 2018.

15.    On October 3, 2018, Plaintiff contacted the School Board's Human Resources department to inquire about the return to work process as his leave was expiring on November 1st.

16.    Included in Plaintiff's October 3, 2018, email to Human Resources, were notes and recommendations from his doctors.

17.    Plaintiff, in conjunction with the doctors notes, requested a few reasonable accommodations that would have allowed him to continue with his classroom duties.

18.    At no time did Plaintiff request a position other than a classroom teaching position.

19.    In response to the October 3, 2018 email to Human Resources from Plaintiff, Human Resources replied with "I cannot help you with employment options."

20.    At no time did Human Resources provide any guidance on what paperwork was required for the Plaintiff to return to work.

21.    Human Resources replied to Plaintiff's email by stating, "I am sorry to hear that you are not able to return back to your position. All I can suggest is that view the District's vacancy list to see if there is anything that you can do."

22.    At no time did Plaintiff request an accommodation of a different position outside of the classroom.

23.    Plaintiff was provided no guidance or assistance in his attempts to return to work following the expiration of his FMLA leave.

24.    Human Resources failed to advise Plaintiff what documents were required to return to work even though Plaintiff requested this information multiple times well before his leave expired.

25.    Plaintiff contacted Mark West, the General Manager of Personnel Services, but Mr. West provided no assistance or guidance to Plaintiff on returning to work.

26.    Prior to contacting Mr. West, Plaintiff also ad discussions with his Union representative in an attempt to figure out what was needed to return to work.

27.    Following the expiration of Plaintiff's leave, Plaintiff continued to contact the School Board and request information on how to return to work.

28.    On November 15, 2018, Plaintiff once again emailed Human Resources asking for help on what was needed from the School Board in order for him to return to work.

29.    The School Board is the party that attempted to persuade the Plaintiff into moving into an office/administrative position with less pay.

30.    At no time did the Plaintiff advise the School Board that he was seeking an alternate position.

31.    On November 29, 2018, Principal Hewitt sent the Plaintiff a letter advising him he had been absent without approval and needed to return to work on Monday, December 3, 2018.

32.    Again, Plaintiff had been contacting and emailing Human Resources work for weeks asking what information was needed from him to return to work and the School Board failed to advise Plaintiff of what was needed.

33.     The School Board terminated Plaintiff's employment on December 4, 2018 due to his failure to return to work.

34.     No interactive process actually occurred in which a member of the School Board discussed Plaintiff's proposed accommodations with him.

35.     It is clear that the School Board made the decision to terminate Plaintiff's employment solely due to Plaintiff's disability.

36.     Plaintiff was an educator for twenty-three years.

37.     Plaintiff holds a Master's and Educational Specialist degree in Early Childhood Education.

38.     Due to Plaintiff's FMLA leave the doctors notes he sent to Human Resources, it is clear that the School Board was aware he was an individual with a disability.

39.     Based on Plaintiff's education and career, he was qualified for the position of a second grade teacher.

40.     Plaintiff suffered an adverse employment action when he was terminated on December 4, 2018 due to his disability.

41.     As a result of Defendant's discriminatory employment practices, the Plaintiff has suffered damages.

42.     All conditions precedent to the filing of this lawsuit have occurred or have been waived.


## COUNT I – Violation of the Americans with Disabilities Act and Rehabilitation Act

43.     The Plaintiff hereby re-alleges and re-incorporates paragraphs 1 through 42 as if fully alleged herein.

44. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job applications procedures, the hiring, advancement, or discharge if employees, employee compensation, job training, and other terms, conditions and privileges of employment." 42 U.S.C. § 12112.

45. As previously stated, the Plaintiff is an individual with a disability which substantially limits his major life activities.

46. Pursuant to section 102(a) of the Civil Rights Act of 1991, a complainant who establishes unlawful intentional discrimination under either Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., may receive compensatory damages for past and future pecuniary losses and non-pecuniary losses as part of this "make whole" relief.

47. Due to the discrimination the Plaintiff has suffered, he is entitled to pecuniary losses such as out-of-pocket medical expenses, out-of-pocket losses as well as future pecuniary losses.

48. The Plaintiff is also entitled to non-pecuniary losses due to his emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to character and reputation and loss of health.

49. The Plaintiff was fully qualified for the position of a teacher at James Elementary.

50. The Defendant is a covered employer to which the ADA applies.

51. The Defendant unlawfully discriminated against the Plaintiff by failing to allow him to return to work and failing to have an interactive conversation with him.

52. This failure lead directly to Plaintiff's termination.

53.     As a result of Defendant's action, the Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment as follows:

1. Declaratory relief, including but not limited to a declaration that the Defendant discriminated against Plaintiff based on the denial of his reasonable accommodation request in violation of the Americans with Disabilities Act;

2. Declaratory relief, including not limited to a declaration that the Americans with Disabilities Act bars the Defendant from denying a reasonable accommodation from an individual with a disability without first conducting an individualized assessment of whether the individual can perform the essential functions of the job;

3. Appropriate injunctive relief, including but not limited to an order restraining the Defendant from engaging in further discriminatory conduct of the types alleged in this Complaint;

4. That the Court grant full front pay to the Plaintiff;

5. That the Court grant full back pay to the Plaintiff;

6. That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by Defendant's conduct;

7. That the Court grant Plaintiff all employment benefits he would have enjoyed had he not been discriminated against;

8. That the Court grant Plaintiff expenses of Litigation, including reasonable attorneys' fees and costs of this action;

9. That the Court grant Plaintiff a jury trial;

10. That the Court grant Plaintiff all other relief the Court deems just and proper; and,

11. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendant from engaging in further discriminatory conduct.

Respectfully submitted this 23rd day of October, 2020.

Erik De L'Etoile, Esq.
Attorney for Plaintiff
Florida Bar No. 71675
Reifkind, Thompson & Rudzinski, LLP
707 N. Franklin St.
8th Floor
Tampa, FL. 33602
(813) 370-0229
EDeletoile@rtrlaw.com
www.rtrlaw.com